UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAY HARRIS,<br><br>            Plaintiff,<br><br>      v.<br><br>MATTHEW ATCHLEY, et al.,<br><br>            Defendants. | Case No. 22-cv-00529-EMC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 12 |

This is a *pro se* prisoner's civil rights action. Plaintiff Michael Harris alleges that he is "a convicted child rapist and molester 19 times over," Docket No. 1 ("Complaint") ¶ 43, and claims that his safety is put at risk by a potential transfer from sensitive needs custody at Salinas Valley State Prison to a non-designated yard at another facility, *see generally, id*.

Mr. Harris filed a motion for a temporary restraining order ("TRO"), which this Court denied. *See* Docket Nos. 2, 10. The Court reasoned that, because there was no plan to transfer Mr. Harris, irreparable injury to him was only possible and not likely, which is insufficient to support the issuance of a TRO. *See* Docket No. 10 at 13 (citing cases); *see also* Docket No. 9 (Defendants' opposition, representing that the endorsement to transfer Mr. Harris had expired).

Mr. Harris filed a second motion for a TRO,[1] which is currently before the Court. Docket

---

[1] Although this is Mr. Harris's second TRO motion in the instant action, when considered with the TRO motions Mr. Harris filed in an earlier action on the same issue, the instant motion is Mr. Harris's fifth TRO motion. *See* Docket Nos. 3, 6, 12, *Harris v. Atchley*, Case No. 3:21-cv-6577-EMC (dismissed Jan. 14, 2022, for failure to exhaust). For Mr. Harris's benefit, the Court advises him to think carefully before filing additional TRO motions *See Sivak v. Murphy*, 995 F.2d 233 n.1 (9th Cir. 1993) ("If Sivak suffers a serious deprivation of his constitutional rights in prison some day, he may not be able to convince the magistrate, the district court or this court of this fact because of his incessant litigation over relatively trivial matters. *Cf. Aesop's Fables*, 'The Boy

United States District Court
Northern District of California

1    No. 12 (received March 21, 2022). Mr. Harris marked this motion as an "emergency," and

2    represented that "Defendants are taking Plaintiff back before the Unit Classification Committee

3    . . . to be put up for transfer on . . . March 22, 2022." *Id*. at 1-2. Mr. Harris argued that he would

4    be both endorsed for transfer and transferred on March 22, 2022.[2] *See id*. at 3. The Court ordered

5    Defendants to respond to Mr. Harris's most recent TRO motion on an extremely expedited

6    schedule, and Defendants did so. *See* Docket Nos. 13, 14.

7          To obtain a TRO, a plaintiff must demonstrate (1) a likelihood of success on the merits, (2)

8    a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of

9    equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555

10   U.S. at 20. A plaintiff must "demonstrate that irreparable injury is *likely*," not merely possible, in

11   order to be granted injunctive relief. *Id*. at 22 (emphasis in original).[3]

12         In response to Mr. Harris's most recent TRO motion, Defendants represented, and

13   provided documentation to prove, that in the March 22, 2022 meeting Mr. Harris was endorsed to

14   remain in sensitive needs custody at Salinas Valley State Prison. *See* Docket Nos. 14, 14-2.

16   Who Cried Wolf.'").

17   [2] In any future filings, Mr. Harris **shall** be mindful of his obligations under Rule 11 of the Federal
     Rules of Civil Procedure. Mr. Harris is not permitted to distort the facts merely because he is *pro*
18   *se*. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a . . . written motion, or other paper
     . . . an attorney *or unrepresented party* . . . certifies that to the best of the person's knowledge,
19   information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual
     contentions have evidentiary support . . . .") (emphasis added); *see also id*. at 11(c) (allowing the
20   Court to sanction an attorney "or party" that has violated this rule). If Mr. Harris misrepresents
     the facts in any future filing, the Court will consider whether it should impose sanctions. *See id*.;
21   *see, e.g., DeVaughn v. Mannion*, 713 F. App'x 646 (9th Cir. 2018) (affirming district court's
     decision to revoke prisoner's *in forma pauperis* status as a sanction); *Carter v. Buie*, 46 F.3d 1139
22   (9th Cir. 1995) (unpublished) (affirming district court's dismissal of action as sanction for
     misrepresentations to court); *Wiideman v. Ignacio*, 999 F.2d 546 (9th Cir. 1993) (unpublished)
23   (affirming district court's imposition of monetary sanctions upon a prisoner who misled the court).

24   [3] *See also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("[A]n
     injunction cannot issue merely because it is possible that there will be an irreparable injury to the
25   plaintiff; it must be likely that there will be.") (citing *Winter*, 555 U.S. at 22); *Freelancer Int'l Pty
     Ltd. v. Upwork Glob., Inc.*, 851 F. App'x 40, 41–42 (9th Cir. 2021) (district court properly denied
26   injunctive relief because the plaintiff had "failed to show a likelihood of irreparable harm," and
     noting that a party seeking injunctive relief "must 'demonstrate that irreparable injury is *likely*'
27   and not merely 'a possibility'") (citation omitted), *cert. denied,* 142 S. Ct. 766 (2022); *Turo Inc. v.
     City of L.A.*, 847 F. App'x 442, 444 (9th Cir. 2021) (reversing district court order granting a
28   preliminary injunction where plaintiff had not "met its burden to establish that it was likely to
     suffer irreparable harm") (citing *Winter*, 555 U.S. at 22).

Because Mr. Harris again has failed to show he is likely to suffer irreparable harm in the absence of injunctive relief, his most recent TRO motion is **DENIED**.

This order disposes of Docket No. 12.

**IT IS SO ORDERED**.

Dated:  March 28, 2022

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3