UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAY HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW ATCHLEY, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-00529-EMC<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION FOR A TEMPORARY RESTRAINIING ORDER**<br><br>Docket No. 39 |

　　　　This is a *pro se* prisoner's civil rights action. Plaintiff Michael Harris alleges that he is "a convicted child rapist and molester 19 times over," Docket No. 1 ("Complaint") ¶ 43, and claims that his safety is put at risk by a potential transfer from sensitive needs custody at Salinas Valley State Prison ("SVSP") to a non-designated yard at another facility, *see generally, id*. Mr. Harris claims that the California Department of Corrections and Rehabilitation ("CDCR") intends to transfer him to another facility because he has been classified as a Level 2 inmate, and SVSP's sensitive needs yard has been designated Level 3. *See id*. ¶¶ 21, 32, 43.

　　　　Mr. Harris filed a motion for a temporary restraining order ("TRO"), which this Court denied. *See* Docket Nos. 2, 10. The Court reasoned that, because there was no plan to transfer Mr. Harris, irreparable injury to him was only possible and not likely, which is insufficient to support the issuance of a TRO. *See* Docket No. 10 at 13 (citing cases); *see also* Docket No. 9 (Defendants' opposition, representing that the endorsement to transfer Mr. Harris had expired). Mr. Harris filed a second motion for a TRO, which the Court denied for the same reasons. *See* Docket Nos. 12, 15.

Mr. Harris filed a third motion for a TRO,[1] which is currently before the Court. Docket No. 39 (received May 30, 2023) ("TRO Motion"). The Court did not call for a response from Defendants because it was unnecessary to decide the instant motion.

In his most recent TRO Motion, Mr. Harris represented that he "was summoned. . . for [his] annual review" on May 23, 2023. TRO Mot. at 5.[2] Mr. Harris stated that his remarks made the meeting "contentious," and he was then asked to leave while the meeting continued in his absence. *See id*. at 6. Mr. Harris did *not* represent that he had been endorsed for a transfer or that a transfer was imminent. *See generally, id*. He conceded, *see id*. at 6, that defense counsel has represented that "there is no impending transfer or endorsement to any facility," Docket No. 33 at 1. *See also id*. at 2 ("Harris has not been endorsed to another facility and there is no plan to transfer him so he remains in the Sensitive Needs Yard at Salinas Valley State Prison.") (citing Docket No. 33-1 (sworn declaration from the Classification and Parole Representative at SVSP, stating "[t]here are no plans at present to transfer Mr. Harris out of his current housing assignment")). Indeed, in his most recent TRO Motion, Mr. Harris stated that another prisoner remains on SVSP's Facility A despite an arguable mismatch between that prisoner's security classification (level 4) and Facility A's classification (level 3), because CDCR has been unable to find safe alternate housing for that prisoner. *See* TRO Mot. at 7.

To obtain a TRO, a plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. A plaintiff must "demonstrate that irreparable injury is *likely*," not merely possible, in

---

[1] Although this is Mr. Harris's third TRO motion in the instant action, when considered with the TRO motions Mr. Harris filed in an earlier action on the same issue, the instant motion is Mr. Harris's sixth TRO motion. *See* Docket Nos. 3, 6, 12, *Harris v. Atchley*, Case No. 3:21-cv-6577-EMC (dismissed Jan. 14, 2022, for failure to exhaust). For Mr. Harris's benefit, the Court advises him to think carefully before filing additional TRO motions *See Sivak v. Murphy*, 995 F.2d 233 n.1 (9th Cir. 1993) ("If Sivak suffers a serious deprivation of his constitutional rights in prison some day, he may not be able to convince the magistrate, the district court or this court of this fact because of his incessant litigation over relatively trivial matters. *Cf. Aesop's Fables*, 'The Boy Who Cried Wolf.'").

[2] The Court refers to the page numbers applied by the ECF System.

1  order to be granted injunctive relief. *Id*. at 22 (emphasis in original).[3]

2  In his third TRO Motion, Mr. Harris presented no evidence that his transfer to another prison is imminent. Rather, as discussed above, he referred to evidence suggesting CDCR does *not* intend to transfer him. *See* TRO Mot. at 6-7. Indeed, Mr. Harris represented that another inmate whose security designation does not match Facility A's has not been transferred, because that inmate has safety concerns at other facilities. *See id*. at 7. This suggests CDCR has a practice of refraining from transferring inmates where any transfer would raise safety concerns. This, in turn, undercuts the gravamen of Mr. Harris's Complaint: that his security classification (level 2) no longer matches Facility A's (level 3), that he cannot transfer safely due to his conviction for raping and molesting children, and that CDCR may transfer him in disregard of that safety because of the mismatch between his security classification and Facility A's. *See generally*, Compl.

Because Mr. Harris again has failed to show he is likely to suffer irreparable harm in the absence of injunctive relief, and because his TRO motion in fact suggests that transfer and the harm flowing therefore are *un*likely to occur, his most recent TRO motion is **DENIED**.

///
///
///
///
///
///
///

---

[3] *See also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be.") (citing *Winter*, 555 U.S. at 22); *Freelancer Int'l Pty Ltd. v. Upwork Glob., Inc.*, 851 F. App'x 40, 41–42 (9th Cir. 2021) (district court properly denied injunctive relief because the plaintiff had "failed to show a likelihood of irreparable harm," and noting that a party seeking injunctive relief "must 'demonstrate that irreparable injury is *likely*' and not merely 'a possibility'") (citation omitted), *cert. denied,* 142 S. Ct. 766 (2022); *Turo Inc. v. City of L.A.*, 847 F. App'x 442, 444 (9th Cir. 2021) (reversing district court order granting a preliminary injunction where plaintiff had not "met its burden to establish that it was likely to suffer irreparable harm") (citing *Winter*, 555 U.S. at 22).

1  Defendants' motion to dismiss and Mr. Harris's motions for a preliminary injunction and
2  to compel discovery remain pending, and will be addressed in due course. *See* Docket Nos. 24,
3  28, 32.
4  This order disposes of Docket No. 39.

6  **IT IS SO ORDERED**.

8  Dated: June 14, 2023

_____
EDWARD M. CHEN
United States District Judge