United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAY HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW ATCHLEY, et al.,<br><br>Defendants. | Case No. 22-cv-00529-EMC<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION**<br><br>Docket No. 61 |

Plaintiff Michael Harris asks the Court to enjoin his transfer from sensitive needs custody at Salinas Valley State Prison ("SVSP") to a merged yard at High Desert State Prison ("HDSP"). The Court granted a temporary restraining order enjoining Mr. Harris's transfer and held an initial hearing to determine whether a preliminary injunction ("PI") should issue. The Court ordered Defendants to file a supplemental brief with statistics that would assist the Court's decision, and scheduled a second PI hearing for Thursday, September 21, 2023. *See* Docket Nos. 51, 56.

Defendants have filed their supplemental brief, which reveals that the HDSP merged yard has 846 inmates in total, 127 of whom have an "R" suffix. *See* Docket No. 59. In the last six months, there have been three violent incidents involving inmates with a crime similar to Mr. Harris's. *See id.*; *see also* Docket No. 59-2 at ¶ 3.

Before Defendants filed their response, Mr. Harris sent to the Court an "ex parte motion for order permitting remote video transmission of out-of-court testimony." Docket No. 61; *see also* Docket No. 61-1 (showing that this request was mailed the day before Defendants' response was filed). Mr. Harris asks the Court to permit live testimony from "an SNY and 'R' suffix inmate" incarcerated at HDSP, who would testify "to facts involving his experiences" at that

1    institution.  *See id*.

2            Although the experience of an "SNY and 'R' suffix inmate" may have some relevance to
3    this action, the experiences of the at least 124 "R" suffix HDSP inmates who plainly have not been
4    victims of inmate-on-inmate violence would be equally relevant.  The Court therefore concludes
5    that the probative value of Mr. Harris's proffered witness is substantially outweighed by the
6    danger that its admission would confuse the issues, cause undue delay, and waste time.  *See* Fed.
7    R. Evid. 403 (allowing relevant evidence to be excluded when outweighed by such danger).  Mr.
8    Harris's motion is **DENIED**.  Mr. Harris may file a written statement from this witness if he so
9    chooses.

10            Mr. Harris also asks the Court to order the United States Marshals to serve two subpoenas
11    upon SVSP officials.  *See* Docket Nos. 61 (referring to subpoenas), 63 (containing the subpoenas).
12    Mr. Harris argues these witnesses must testify at the second PI hearing to show he "has been
13    hindered in his efforts to meaningfully litigate his claims in the court as well as the reasoning why
14    removal from a currently enrolled educational program is not discriminatory and retaliatory."
15    Docket No. 61 at 2.  The subpoenas themselves refer to an "educational override" Mr. Harris
16    previously sought to prevent his transfer, *see* Docket No. 63, although claims regarding this
17    educational override already have been dismissed from this action with prejudice, *see* Docket No.
18    10 at 4-6.

19            Authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is
20    subject to limitations.  Because personal service of a subpoena duces tecum is required, Federal
21    Rule of Civil Procedure 45(b), "directing the Marshal's Office to expend its resources personally
22    serving a subpoena is not taken lightly by the court."  *Cook v. Torres*, No. 19-CV-01370-PJH,
23    2021 WL 1215795, at *2 (N.D. Cal. Feb. 22, 2021) (citing *Austin v. Winett*, 2008 WL 5213414, *1
24    (E.D. Cal. 2008); 28 U.S.C. § 1915(d)).  Limitations include the relevance of the information
25    sought as well as the burden and expense to the non-party in providing the requested information.
26    *See* Fed. R. Civ. P. 26, 45.  Here, the information which Mr. Harris intends to solicit from the two
27    SVSP officials is irrelevant.  On the face of the subpoenas, neither will be asked about the sole
28    issue before the Court: whether Mr. Harris will be in greater physical danger at HDSP than he is at

United States District Court
Northern District of California

SVSP.  Mr. Harris's request for the Court to order the Marshals to serve these subpoenas is **DENIED**.

Mr. Harris's response to Defendants' supplemental brief remains due September 18, 2023. Brevity is encouraged.

This order disposes of Docket No. 61.

**IT IS SO ORDERED**.

Dated: September 12, 2023

_____
EDWARD M. CHEN
United States District Judge